# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JEREMY TYRONE HICKMAN
AND JEREMY TYRONE
HICKMAN LIVING TRUST,

        **Plaintiffs,**

v.           Case No: 6:25-cv-159-PGB-DCI

JUDGE JOHN E. JORDAN III
AND DEJA MONET GORDON,

        **Defendants.**
_____/

## ORDER

This cause is before the Court upon *pro se* Plaintiffs Jeremy Tyrone Hickman ("**Hickman**") and Jeremy Tyrone Hickman Living Trust's (collectively, the "**Plaintiffs**") Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8 (the "**Motion**")). The Court does not deem a response to the Motion necessary.[1] Upon consideration, the Motion is due to be denied without prejudice.

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981). In any event, the Court notes that Defendants have not yet appeared in this action.

## I.     BACKGROUND

Plaintiffs initiated this action pursuant to 42 U.S.C. § 1983 on January 31, 2025. (Doc. 1). Plaintiffs assert a series of claims against Defendants John E. Jordan III ("**Judge Jordan**") and Deja Monet Gordon ("**Gordon**") (collectively, the "**Defendants**") related to an ongoing state court criminal matter against Hickman in the Ninth Judicial Circuit Court of Florida (the "**criminal matter**"). (*See generally* Docs. 1, 1-1). Plaintiffs allege that Judge Jordan is the judge presiding over the criminal matter, that Gordon is the state attorney in the case, and that Defendants have "acted in concert to deny Plaintiffs due process, violated constitutional guarantees, and engaged in a conspiracy against rights." (Doc. 1-1, ¶¶ 10–12).

Now, Plaintiffs ask the Court to enter a temporary restraining order and preliminary injunction against Defendants. (Doc. 8). Plaintiffs seek myriad relief through the Motion, including an order enjoining Judge Jordan from taking further action in the criminal matter and a declaration that the prosecution of the criminal matter is unconstitutional on numerous grounds. (*Id.* at pp. 3–4).

## II.     STANDARD OF REVIEW

District courts may issue temporary restraining orders and preliminary injunctions in limited circumstances. *See* FED. R. CIV. P. 65; Local Rules 6.01, 6.02. The Court discusses certain requirements for issuing such relief below.

### A. Notice

In accordance with Rule 65, the Court may grant a preliminary injunction "only on notice to the adverse party." FED. R. CIV. P. 65(a)(1). Similarly, the Local Rules state that a party who moves for a preliminary injunction "must notify each affected party as soon as practical unless the movant establishes by clear and convincing evidence an extraordinary circumstance not requiring notice." Local Rule 6.02(b).

Further, pursuant to Rule 65, the Court may issue a temporary restraining order without notice to the adverse party only if:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

### B. Security

Under Rule 65, "[a] court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). Likewise, under the Local Rules, a motion for a temporary restraining order or preliminary injunction must include "a precise and verified explanation of the amount and form of the required security." Local Rules 6.01(a)(4), 6.02(a)(1).

## C. Legal Memorandum

Under the Local Rules, a motion for a temporary restraining order or preliminary injunction must include "a supporting legal memorandum" establishing each of the following:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order [or preliminary injunction], and
> (4) the nature and extent of any public interest affected.

Local Rules 6.01(a)(5), 6.01(b), 6.02(a)(1).

## D. Proposed Order and Required Attachments

In addition, under the Local Rules, a motion for a temporary restraining order or preliminary injunction must include "a proposed order." Local Rules 6.01(a)(6), 6.02(a)(1). Finally, a motion for preliminary injunction must "include as an attachment each paper on which the movant relies." Local Rule 6.02(a)(2).

## III. DISCUSSION

Plaintiffs' Motion fails to meet each of the aforementioned requirements.[2] (*See* Doc. 8).

At the outset, Plaintiffs have not provided any indication to the Court that Defendants are aware of the Motion. With regard to Plaintiffs' request for a preliminary injunction, Plaintiffs have not established by "clear and convincing

---

[2] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

evidence an extraordinary circumstance not requiring notice." *See* Local Rule 6.02(b); *see also Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." (citing FED. R. CIV. P. 65(a)(1))); *see also Faller v. Casa Bahia at Westshore Yacht Club Condo. Ass'n, Inc.*, No. 8:21-cv-1731-MSS-AAS, 2021 WL 12141705 (M.D. Fla. Aug. 5, 2021) (denying a motion for a preliminary injunction for failure to comply with the notice requirements).[3]

Further, with regard to Plaintiffs' request for a temporary restraining order, Plaintiffs have failed to set forth "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before [Defendants] can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Nor have Plaintiffs "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B).

Plaintiffs have likewise failed to address the matter of security and to provide a legal memorandum addressing the required elements. *See* Local Rules 6.01(a)(4), 6.01(a)(5), 6.01(b), 6.02(a)(1); FED. R. CIV. P. 65(c). Finally, Plaintiffs have not included a proposed order on the Motion. *See* Local Rules 6.01(a)(6), 6.02(a)(1). And, to the extent Plaintiffs rely upon any papers in support of their

---

[3] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

request for a preliminary injunction, no such papers are attached to the Motion. (Doc. 8); *see* Local Rule 6.02(a)(2).

Ultimately, because injunctive relief is an extraordinary remedy, proper procedure must occur prior to the issuance of such relief. *See Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019) (citations omitted). Consequently, Plaintiffs' Motion is denied without prejudice.[4]

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on February 7, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] The Court highlights that its denial of the Motion is *without* prejudice, and thus, Plaintiffs may file an amended motion in compliance with the Federal Rules of Civil Procedure and the Local Rules.