UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JEREMY TYRONE HICKMAN,**
**JEREMY TYRONE HICKMAN LIVING**
**TRUST,**

           **Plaintiffs,**

v.                                              Case No: 6:25-cv-159-PGB-DCI

**JUDGE JOHN E. JORDAN III,**
**DEJA MONET GORDAN,**

           **Defendants.**

## ORDER

Jeremy Tyrone Hickman (Hickman), proceeding *pro se*, initiated this civil rights action on behalf of himself and as "trustee, royal minister" of the Jeremy Tyrone Hickman Living Trust. Doc. 1. Pending before the Court is Defendants' Motion to Quash Service of Process. Doc. 15 (the Motion). On or about January 31, 2025, Hickman filed a Proof of Service of the summons for Defendant Judge John E. Jordan III which reflects that Hickman served "Pam O'Neal, who is designated by law to accept service of process on behalf of Orange County Courthouse Ninth District." Doc. 4. On or about the same date, Hickman also filed a Proof of Service of the summons for Defendant Deja Monet Gordon which reflects that Hickman served "Abibaic Johnson, who is designated by law to accept service of process on behalf of Orange County Courthouse Ninth District." Doc. 5. Defendants jointly move to quash service of process because Hickman did not properly serve either Defendant in accordance with Federal Rule Civil Procedure 4 or Florida law. Doc. 15.

Hickman has not responded to the Motion and the time for doing so has expired.[1] The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). The Motion is due to be granted because there is no opposition to the relief sought.

Also, Defendants have filed affidavits and demonstrate that Pam O'Neal and Abibaic Johnson were not authorized to accept service for Defendants under Federal or Florida law. *See* Docs. 15-1, 15-2; *see also* Fed.R.Civ.P. 4(e); Fla. Stat. §48.031. Defendants argue that the Returns of Service and the affidavits show that service was improper. Doc. 15 at 3. "[T]he burden of proving the validity of service of process is on the plaintiff." *Merritt v. Knowles*, 2025 WL 949403, at *2 (M.D. Fla. Mar. 2025) (quoting *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005); *accord Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity.")). Since there is no response to the Motion, Hickman has not demonstrated that service on either Defendant was sufficient.

Based on the foregoing, it is **ORDERED** that:

1. Defendants' Motion (Doc. 15) is **GRANTED**;

2. the purported service of process on both Defendants is hereby **QUASHED**;

---

[1] On March 25, 2025, the Court conducted a case management conference, but Hickman was not in attendance. As such, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute and noted that Hickman had also not filed a response to the Motion. Doc. 19. On or about April 8, 2025, Hickman filed a Response to the Order to Show Cause and states that "the representation that I 'failed to respond to the motion' ignores the fact that I came ready to enter evidence and respond in real time during the case management hearing." Doc. 20 at 2. Hickman, therefore, confirms that he did not file a timely response to the Motion in compliance with Local Rule 3.01(b).

3. **on or before May 21, 2025**, Hickman shall properly serve both Defendants; and

4. **on or before June 4, 2025,** Hickman shall file a return of service for each Defendant.

**The failure to comply with this Order within the allotted time may result in the dismissal of this case without further notice**.

**ORDERED** in Orlando, Florida on April 22, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties